UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY CAINE
    Plaintiff,

v.                                                      Case No. 8:23-00157

BOB GUALTIERI, PINELLAS
COUNTY SHERIFF,
    Defendants.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, BOB GUALTIERI, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY, FLORIDA[1] ("the Sheriff"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-001048-CI, where it is now pending, to the United States District Court for the Middle District of Florida, Tampa Division. In support of removal, the Sheriff states:

1. Pursuant to 28 U.S.C. §1446(a) and M.D. Local Rule 4.02(b), copies of all process, pleadings and orders on file within the State case that is being removed are filed as exhibits to this Notice of Removal, as follows:

    a. Amended Complaint (Exhibit 1);
    b. Answer (Exhibit 2);

---

[1] Plaintiff sued as Defendant "Bob Gualtieri, Pinellas County Sheriff," without indicating that she sued the Sheriff in his official capacity as Sheriff of Pinellas County Florida. The proper party defendant in this case is "Bob Gualtieri, in His Official Capacity as Sheriff of Pinellas County, Florida." At this stage of the proceedings, Plaintiff's error does not affect the substantial rights of the parties, but the caption should be corrected, pursuant to the Florida Rules of Civil Procedure.

      c. State Court Docket (Exhibit 3);
      d. All remaining State Court documents (Exhibit 4);
      e. Civil Cover Sheet (Exhibit 5).

2. On March 7, 2022, Plaintiff filed a Complaint against the Sheriff in the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Cindy Caine v. Bob Gualtieri, Pinellas County Sheriff*, Case No. 22-001048-CI, alleging state law claims of false arrest and false imprisonment. (Exhibit 4, p. 4-5).

3. On March 10, 2022, Plaintiff served the Sheriff. (Exhibit 4, p. 8).

4. In ¶ 1 of the Complaint, Plaintiff alleged damages "in excess of thirty thousand ($30,000.00) dollars," and in ¶ 2, that she is a resident of Philadelphia, PA, demonstrating diversity of the parties' citizenship. (Exhibit 4, p. 4). However, as Plaintiff only alleged damages "in excess of thirty thousand ($30,000.00) dollars," this case was not removable within 30 days of filing the Complaint.

5. On June 21, 2022, Plaintiff filed an Amended Complaint against the Sheriff, alleging state law claims of false arrest and false imprisonment. (Exhibit 1). Again, in ¶ 1 of the Amended Complaint, Plaintiff alleged damages "in excess of thirty thousand ($30,000.00) dollars," and in ¶ 2, asserted that she is a resident of Philadelphia, PA, demonstrating diversity of the parties' citizenship. (Exhibit 1, p. 1). Again, as Plaintiff only alleged damages "in excess of thirty thousand ($30,000.00) dollars," this case was not removable within 30 days of filing the Amended Complaint.

6. On August 15, 2022, in her answer to Interrogatory #1 of the Sheriff's First Set of Interrogatories, Plaintiff said she lives in Pennsylvania, again demonstrating diversity of citizenship. (Exhibit 6, p. 1). However, as to damages, Plaintiff alleged actual damages of $500.00 for a bondsman (answer to Interrogatory #6); admitted she was not making a lost wages claim (answer to Interrogatory #7); and asserted her damages for "[m]ental anguish, unlawful incarceration, embarrassment … are not susceptible of a mathematical calculation" (answer to Interrogatory #8). (Exhibit 6, p. 2).

7. On January 17, 2023, Plaintiff answered the Sheriff's First Requests for Admissions and admitted in response to Request # 10 that she is seeking damages in this case in excess of $75,000.00. (Exhibit 7, p. 2).

8. On January 24, 2023, Plaintiff served amended answers to the Sheriff's First Requests for Admissions and again admitted in response to Request # 10 that she is seeking damages in this case in excess of $75,000.00. (Exhibit 8, p. 2).

9. Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. §§ 1332.

10. Pursuant to 28 U.S.C. §1446(b)(3):

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

> pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

*Id.*

11. 28 U.S.C. § 1446(c)(3)(A) further provides:

    > if the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

    *Id.*

12. Pursuant to 28 U.S.C. §1446(b)(3) and (c)(3)(A), removal of this action is timely within 30 days of January 17, 2023, the date Plaintiff answered Request for Admission #10 (Exhibit 6, p. 2).

13. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)-(c), and M.D. Local Rule 1.02(b)(4), as the events sued upon occurred in Pinellas County, Florida.

14. Pursuant to 28 U.S.C.§ 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiff, as indicated in the accompanying certificate of service, and a Notice of Removal and a copy of this Notice will be promptly filed with the Clerk of the Circuit Court in and for Pinellas County, Florida.

RESPECTFULLY SUBMITTED on January 24, 2023.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

*/s/ Anne F. McDonough*
Anne F. McDonough
Senior Associate Counsel
Florida Bar No. 084471
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, FL 33778
Tel: (727) 582-6274
Fax: (727) 582-6459
amcdonough@pcsonet.com
mestep@pcsonet.com
Attorney for the Sheriff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and I further served the foregoing via email to: W. Thomas Wadley, Esq., Yanchuck, Berman, Wadley, Thomas & Berman, P.A., P.O. Box 4192, St. Petersburg, FL 33731, at twadley@yanchuckberman.com; kthomas@yanchuckberman.com; klasalle@yanchuckberman.com.

*/s/ Anne F. McDonough*
Anne F. McDonough
